UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSIE CASAMPOL TRAHAN,

    Plaintiff,

    v.

WAL-MART ASSOCIATES, INC., et al.,

    Defendants.

Case No. 25-cv-05743-JD

**ORDER RE REMAND**

Plaintiff Rosie Casampol Trahan sued defendants Wal-Mart Associates, Inc. (Walmart), her former employer, and Allison Ferra, her supervisor at Walmart, on a variety of California state law employment claims primarily under the Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900 *et seq.* Dkt. No. 1-1. The claims range from age and disability discrimination to harassment and wrongful termination. Trahan originally filed the case in the Superior Court for the County of Contra Costa. Walmart removed to this Court on an allegation of traditional diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. No. 1. Trahan asks for a remand to state court. Dkt. No. 17. The parties' familiarity with the record is assumed, and the case is remanded.

The parties agree that Trahan and Walmart have diverse citizenship, *see* Dkt. Nos. 1, 17, but disagree about the effect of Ferra, who is a California resident and would destroy complete diversity. Ferra and Walmart are defendants for all causes of action. Dkt. No. 1-1 ¶¶ 35-131. Walmart says Ferra is a sham defendant who was fraudulently joined and should be disregarded for jurisdictional purposes. *See* Dkt. No. 1 at 3; Dkt. No. 18 at 2.

"This question arises with some frequency in removed employment cases, and the governing standards are well established." *Knutson v. Stericyle, Inc.*, No. 24-cv-05219-JD, 2025

WL 520874, at *1 (N.D. Cal. Feb. 18, 2025). "As in all federal cases, the foundational principle is that the jurisdiction of the federal courts is limited to what is authorized by the Constitution and statute." *Id.* (citing *Kokkonan v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000." *Id.* (quoting *Dole v. Verisk Analytics, Inc.*, No. 22-cv-06625-JD, 2023 WL 2985116, at *1 (N.D. Cal. Apr. 17, 2023)). "An out-of-state defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Id.* (quoting *Dole*, 2023 WL 2985116, at *1). "A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject-matter jurisdiction." *Id.* (quoting *Dole*, 2023 WL 2985116, at *1). "There is a strong presumption against removal jurisdiction, and any doubt about removal weighs in favor of remand." *Id.* (internal quotation and citation omitted). "Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined." *Id.* (quoting *California v. AbbVie Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019)).

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotation omitted). "[S]hort of proving that the plaintiff committed actual fraud in pleading jurisdictional facts, a defendant urging fraudulent joinder must show that the non-diverse party who was joined in the action cannot be liable on any theory." *Id.* (alteration in original) (quoting *Geisse v. Bayer HealthCare Pharms. Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854, at *2 (N.D. Cal. Mar. 18, 2019)). "Our circuit has emphasized that this inquiry is not the same as the Rule 12(b)(6) review for failure to state a plausible claim." *Id.* (quoting *Geisse*, 2019 WL 1239854, at *2). "It has a lower bar and requires only that there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (alteration and emphasis in original) (quoting *Geisse*, 2019 WL 1239854, at *2). "This means that the joinder of a non-diverse party will not necessarily be deemed fraudulent even if the claim could be dismissed." *Id.* (quoting *Geisse*, 2019 WL 1239854,

2

at *2). "In effect, the 'possibility' standard is akin to the 'wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1).'" *Id.* (quoting *Geisse*, 2019 WL 1239854, at *2). "If there is any possibility above the trivial or frivolous that the plaintiff can state a claim against the non-diverse defendant, 'the federal court must find that the joinder was proper and remand the case to state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

"There is a general presumption against finding fraudulent joinder, which adds to the usual presumption against removal in all cases under Section 1332(a) and imposes a particularly heavy burden on the defendant to prove." *Id.* at *2 (internal quotation omitted). "The defendant has some leeway to present facts outside the complaint, but the complaint is usually the best guide in determining whether joinder was fraudulent, and in any event the defendant must prove fraudulent joinder by clear and convincing evidence." *Id.* (citations omitted).

For purposes of a remand, Trahan focuses on the harassment claim against Ferra. Dkt. No. 17 at 4. The complaint alleges that Ferra harassed Trahan by saying "on numerous occasions" that she "is old" and by urging her to retire. *See, e.g.*, Dkt. No. 1-1 ¶ 23.

This is enough to warrant a remand. FEHA permits a claim against a supervisor like Ferra along the lines Trahan has alleged. *See* Cal. Gov't Code §§ 12923, 12940(j)(3); *Pollock v. Tri-Modal Distribution Servs., Inc.*, 11 Cal. 5th 918, 932-33 (2021) ("a supervisor can be liable for harassment"). Walmart forthrightly acknowledges the point by agreeing that "an individual supervisor or coworker may be held liable for harassment in violation of the FEHA." Dkt. No. 18 at 4. Consequently, it cannot be said that Trahan has no chance of recovering against Ferra.

Walmart has not demonstrated otherwise. Walmart's main point is that the harassment claim against Ferra is not plausibly alleged. *See id.* at 4-6. That misconstrues the inquiry with respect to fraudulent joinder. The salient question is whether Trahan's claim against Ferra is wholly insubstantial and frivolous, which is not the case. Walmart did not carry its heavy burden of establishing that there is no possibility of a state court finding in favor of Trahan.

Removal to federal court was improper, and the case is remanded to the Superior Court for the County of Contra Costa. 28 U.S.C. § 1447(c). Each side will bear its own costs and fees in connection with the removal and remand proceedings.

**IT IS SO ORDERED.**

Dated: October 23, 2025

JAMES DONATO
United States District Judge